## PHŒBUS et ux. v. CONNELLEE.
### (No. 9421.)

(Court of Civil Appeals of Texas. Ft. Worth.
April 10, 1920.)

**1. Landlord and tenant ⊂⇒132(2)—Petition to restrain ousting of tenants held good as against general demurrer.**

In tenants' action to restrain landlord from ousting them, a petition alleging a written lease made by correspondence, and that plaintiffs went into possession of the property and held it for a period of one year, *held* sufficient as against a general demurrer and special exception, amounting to a general demurrer.

**2. Appeal and error ⊂⇒839(1)—Review restricted to questions decided below.**

Where the court passed only on sufficiency of plaintiff's petition as against a general demurrer, it is unnecessary on appeal to determine any question other than the one decided.

**3. Landlord and tenant ⊂⇒132(2)—Court may restrain ousting of tenant, notwithstanding denial of written lease.**

In lessees' proceedings to enjoin lessor from removing them from leased premises, notwithstanding defendant's denial under oath of a written lease for three years, the court was not compelled to refuse the injunction, but might within its discretion grant the writ.

**4. Appeal and error ⊂⇒954(1)—Court of Civil Appeals may review but not exercise, discretion in granting injunction.**

The trial judge's exercise of discretion in granting lessees an injunction against lessor ousting them, notwithstanding defendant's denial under oath of a written lease, would be subject to review by the Court of Civil Appeals on appeal by the party aggrieved; but such court has no original jurisdiction to exercise that discretion, which is lodged in the trial judge.

**5. Appeal and error ⊂⇒1120—On reversal of judgment sustaining demurrer, temporary restraining order issued by Court of Civil Appeals may be continued in force.**

In tenants' action to restrain landlord from taking further steps in court to oust them from possession, where the trial judge only passed on the sufficiency of the petition as against a general demurrer, and the case must be reversed, it may be ordered that the temporary restraining order issued by the Court of Civil Appeals shall remain in force until a further hearing on the application for temporary injunction shall be had by the trial judge after remand.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by W. L. Phœbus and wife against C. U. Connellee. From an order denying a temporary writ of injunction, plaintiffs appeal. Reversed and remanded.

Shepherd & Kelly, of Eastland, and Slay, Simon & Smith and A. W. Christian, all of Ft. Worth, for appellants.

Sayles & Sayles, of Eastland, for appellee.

DUNKLIN, J. W. L. Phœbus and wife have appealed from an order of the judge of the district court of Eastland county, denying them a temporary writ of injunction prayed for against the defendant, C. U. Connellee, to restrain him from ousting them of possession of a building used for hotel purposes in the city of Eastland.

In their petition in the suit plaintiffs al-

leged in substance, that the defendant had rented the building to them to be used and operated as a hotel for a period of three years; that they had at great expense furnished the building for such use, and that, if ousted from possession, they would suffer irreparable injury by reason of the necessary expense of removing from the property, and the sacrifice of the value of the furnishings, and loss of profits in their hotel business; that after they had occupied the building for a period of one year the defendant had notified them to vacate it, and had threatened to evict them; that plaintiffs had paid to defendant all rentals due under the contract up to date, and had tendered rentals for another month after the expiration of the first year, which the defendant had refused to accept.

The petition was presented to the judge of the district court, who set a day for hearing it and ordered the issuance of a notice to the defendant to appear at the time stated and show cause why the writ prayed for should not be granted. Prior to such hearing the defendant filed an answer containing a general demurrer and a special exception; also an answer to the merits in which he admitted that plaintiffs went into possession of the property as his tenants and occupied the same for a period of one year, paying the defendant the agreed rental therefor of $225 per month during that period; admitting, also, that he refused to accept the monthly rental tendered by the plaintiff for the next succeeding month after the expiration of the year; also admitting his intent to evict the plaintiffs from the premises, expressly alleging that he intended to bring about such eviction by legal and lawful means only, to wit, either by an action of forcible entry and detainer, or by suit of trespass to try title, and resorting in such suit to the writ of sequestration. But the answer expressly denied each and all of the allegations in plaintiffs' petition not so admitted. Plaintiffs' petition and the answer of the defendant were both duly verified by the respective parties.

In connection with the answer of the defendant just noted, he filed a cross-action against the plaintiffs in the form of trespass to try title, in which he alleged that, while he was lawfully seized and possessed in fee simple title to the property, the plaintiffs unlawfully entered upon and ejected him therefrom, and are unlawfully withholding possession of the property from him, to his damage in the sum of $35,000, and that the reasonable rental value of the property was $9,000. The cross-action further contained this allegation:

"The defendant presents herewith his affidavit and bond for writ of sequestration for possession of said premises."

In a supplemental petition, plaintiffs alleged that since the presentation of their original petition to the judge of the court, and after a hearing thereon had been set, and the defendant had been notified of such setting, he had instituted a suit in the justice court of forcible entry and detainer to recover possession of the property, and later had sued out a writ of sequestration upon his cross-action, filed in the present suit and noted above, which writ of sequestration had been placed in the hands of the sheriff of Eastland county for service;' that plaintiffs were unable to give the necessary statutory bond to replevy the property after the levy of the writ of sequestration, in that the bond that would be required would be in the sum of $70,000, or double the value of the property as alleged in the cross-action.

The defendant filed an answer to that supplemental petition, but failed to deny that he had taken the alleged legal steps to recover possession of the property. Upon the hearing appointed by the trial judge, the following order was made, from which this appeal has been prosecuted:

"On this the 6th day of March, A. D. 1920, came on to be heard the plaintiffs' application for a temporary injunction, whereupon came the parties, by their attorneys, and the defendant thereupon presented to the court his general demurrer and special exception to plaintiffs' original petition, and his general demurrer and special exception to plaintiffs' supplemental petition, and it appearing to the court that such demurrer and exception should be sustained:

"It is therefore ordered by the court that said demurrers and exceptions be and the same are hereby now in all things sustained, and the said application for temporary injunction is here and now denied. To which action and ruling of the court the plaintiffs then and there excepted, and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas at Ft. Worth, Tex.

"It is further ordered that the clerk of this court transmit to said Court of Civil Appeals a certified copy of this judgment, together with the original papers in this cause."

Thus it appears from the order copied that the application for the temporary writ of injunction was denied by reason of the fact, and that fact only, that the court was of the opinion that the defendant's general demurrer and special exception to the plaintiffs' petition should be and were sustained.

[1] We have carefully examined and considered the allegations in plaintiffs' petition, and are of the opinion that the same were sufficient as against the general demurrer and special exception, which special exception is nothing more than a general demurrer within itself. We deem it unnecessary to set out the petition in full. According to allegations contained therein, the rental contract for a term of three years was made by correspondence, and not by a formal written lease signed by the defendant. Substantially it was to the effect that a correspondence between the parties initiated by the plain-

tiffs, brought forth a letter, addressed to the plaintiffs, purporting to lease the property to them for a period of three years, which proposition plaintiffs duly accepted, and that, acting under the agreement so made, plaintiffs were placed in possession of the property by the defendant, and such possession was held by them for a period of one year, as noted already. Accordingly we are of the opinion that the court erred in sustaining the defendant's demurrers to plaintiffs' petition.

[2] We find in the record an affidavit of plaintiff, Mrs Phœbus, identifying certain correspondence with the defendant, and also copies of the letters themselves which are claimed to be to the same effect as alleged in plaintiffs' petition, and also the affidavit of Mrs. Phœbus to the effect, further, that plaintiffs are unable to give the sequestration bond, in the sum of $70,000, which would be necessary to replevy the property after it has been levied upon by the writ of sequestration. The record further contains the sequestration writ that has been issued on defendant's cross-action; also a citation issued from the justice court commanding the plaintiffs to answer the complaint of C. U. Connellee in a suit instituted in that court of forcible entry and detainer. The record contains no evidence offered by the defendant upon the hearing of the application for the writ of injunction. But, as noted already, it affirmatively appears that the court did not pass upon any issue except the legal question of the sufficiency of plaintiffs' petition as against a general demurrer. Under such circumstances it is unnecessary for us to determine any other question than the one so decided.

[3] As noted already, while the plaintiffs' petition was duly verified, the defendant's answer contained a denial, also under oath, that he had in writing rented the property to the plaintiffs for a period of three years. If he did not so agree to a rental for three years, then he had the right to possession after the plaintiffs had held the property for one year. The contention is made that, aside from the question of the sufficiency of plaintiffs' petition, the order denying the writ of injunction should be affirmed, in view of the fact that the equities of plaintiffs' bill were denied under oath by the defendant. In High on Injunctions, § 1505, the following is said:

"Upon motion to dissolve an injunction on bill and answer, the answer, in so far as it is responsive to the bill, is taken as true; and it is a well-settled rule that, when the sworn answer fully and unequivocally denies all the material allegations of the bill upon which complainant's equities rest, the injunction will be dissolved. * * *"

But in the same volume also occurs the following in sections 1508, 1509, and 1511:

"To the general rule that a preliminary injunction will be dissolved on the coming in of the answer, fully denying the equities of the bill, there are numerous exceptions, based upon recognized principles of equity, which may not inappropriately be noticed in this connection. And, in the first place, it is to be constantly borne in mind that the dissolution, like the granting of interlocutory injunctions, is largely a matter of judicial discretion, to be determined by the nature of the particular case under consideration. A dissolution, therefore, does not follow necessarily and of course upon the coming in of the answer denying the material allegations of the bill upon which the injunction issued, and the court may, in the exercise of a sound judicial discretion, refuse a dissolution and continue the injunction to the hearing, where the circumstances of the case seem to demand this course. Especially will this discretion be exercised where fraud is the gravamen of the bill, or where it is apparent to the court that a dissolution of the injunction would result in greater injury and hardship than its continuance to the hearing, or where it is apparent that by the dissolution complainant would lose all the benefit which would otherwise accrue to him should he finally succeed in his cause. And a court of last resort will be loath to disturb the action of the court below in thus denying a motion to dissolve, unless an abuse of its discretion is shown."

"In the exercise of this discretion, a dissolution will not be allowed where auxiliary evidence of complainant's right is before the court, sufficient to sustain the bill, even though its material averments be denied by the answer. And where the facts and entire history of the case, as disclosed by bill and answer, afford strong presumption that complainant will establish his claim for relief upon the hearing, and that he might in the meantime suffer irremediable injury by the dissolution, the injunction will be retained. So where the case as presented by the bill is one which seems to require investigation, and the effect of dissolving the injunction would be to place the property which is the subject of controversy beyond the control of the court in which the action is pending, and would be equivalent to a complete denial of the relief sought by the bill, the injunction will not be dissolved. So, too, where the circumstances of the case, as disclosed in the answer of both of two defendants, seem to require that the injunction should be continued, it will not be dissolved upon the answers, but will be retained until the hearing."

"If the continuance of the injunction, even admitting defendant's answer to be true, cannot prejudice or imperil his rights, and, on the other hand, its dissolution might seriously impair the rights of complainant, the motion to dissolve upon the coming in of the answer should not be allowed. * * *"

[4] Thus it appears that, notwithstanding the denial by the defendant, under oath, that he had in writing agreed to lease the property to plaintiffs for a period of three years, it did not necessarily follow that the court should be compelled to refuse the injunction by reason of that denial, but that it was still within the discretion of the trial judge to grant the writ, notwithstanding such denial, under the principles announced in the au-

thority cited. The exercise of that discretion by the trial judge would be subject to review by this court upon appeal by the party aggrieved; but this court has no original jurisdiction to exercise that discretion, since it is a question of discretion lodged originally with the trial judge.

For the reasons stated, we are of the opinion that the action of the trial judge in sustaining the demurrer to plaintiffs' petition, and in denying the plaintiffs' application for a writ of injunction, based solely upon that ruling, was error, for which that order must be reversed, and the cause remanded; and it is so ordered.

[5] Upon a former day this court granted a writ temporarily restraining the defendant from taking any further steps, either in the forcible entry and detainer suit or under the writ of sequestration issued, to oust the plaintiffs of possession of the property, pending a determination of the appeal in this court. Since the trial judge has not passed upon the merits of the application of the petition, independently of its sufficiency as against a general demurrer, and since the bond required of the plaintiffs for the temporary restraining order seems sufficient to cover any damages that may be sustained by the defendant pending a further hearing by the trial judge, and in view of the further fact, as appears from the record, that plaintiffs will be unable to give the necessary bond to replevy the property in the event of the levy of the writ of sequestration, it is therefore ordered that the temporary restraining order, issued by this court, shall remain in full force and effect until a further hearing of the application for temporary injunction shall be had by the trial judge after this cause is remanded to the trial court.

Reversed and remanded.