## HUDSPETH et al. v. GUGENHEIM et al. (No. 7530.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 16, 1925. Rehearing Denied Jan. 20, 1926.)

1. Injunction ⟨⟩38—When party is entitled to mandatory injunction to dispossess one in peaceable possession of land, pending adjudication of equities, stated.

A party is entitled to a mandatory injunction to dispossess one in peaceable possession of land, pending an adjudication of right to possession, where complaining party is entitled to relief, but is without a practical and adequate remedy at law.

2. Appeal and error ⟨⟩954(1)—Whether party entitled to mandatory injunction to dispossess another held for trial court, subject to review for abuse of discretion.

Whether a party is entitled to a mandatory injunction to dispossess another in peaceable possession of land, pending an adjudication, held for trial court, subject to review in case of abuse of discretion.

3. Injunction ⟨⟩38—Granting of prohibitory and mandatory injunctions against tenants held not abuse of discretion.

Injunctions prohibiting tenants from further use of the premises and interference with

owner and new lessee, and mandatorily enjoining defendants to vacate, *held* not an abuse of discretion, where the evidence negatived tenants' claim of renewal, and showed the futility of the owner's resort to sequestration or detainer proceedings.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by S. Gugenheim and others against J. W. Hudspeth and others, in which prohibitory and mandatory injunctions were granted. From an order overruling motion to dissolve, defendants appeal. Affirmed.

J. D. Todd and Sidney P. Chandler, both of Corpus Christi, for appellants.

Boone & Savage, of Corpus Christi, for appellees.

SMITH, J. S. Gugenheim and associates own the land involved in this controversy. J. W. Hudspeth and his brother had been living upon and cultivating the land as tenants for a number of years, under rent contracts which ended with, and were renewed at, the beginning of each crop year up to and including the season of 1924–1925. Gugenheim at first objected to entering into the contract with Hudspeth for the season of 1924–1925, but finally did so, with the admonition that, unless Hudspeth remedied the cause of Gugenheim's objection, the latter would not renew the lease after that year. In July, 1925, Hudspeth asked Gugenheim for a lease for the ensuing year, beginning October 1, 1925, but, as the cause of Gugenheim's objection to making the lease had not been removed by Hudspeth, the former told the latter he would not renew the lease. When Hudspeth urged him to make the lease, he finally agreed to consult his associates, further consider the matter, and notify Hudspeth of the decision. Nothing further was done or said between the parties until August 20th, when Gugenheim gave notice in writing to Hudspeth that the lease would not be renewed, and giving him notice to vacate the premises by the end of the crop year, October 1st. The Hudspeths disregarded the notice, and remained in possession, contending that the notice came too late to permit them to make other arrangements for the coming crop year. They also served notice on Gugenheim that they would not surrender the place, but would retain possession and use the premises through the 1925–1926 crop season. These facts are gleaned from the most favorable construction of the testimony of the Hudspeths. The Hudspeths let it be known that they expected, and were fully able, to retain possession until the end of any litigation which might ensue, even if it were necessary to give bonds for that purpose in any ouster proceedings Gugenheim might institute. In other words, the situation was that the Hudspeths intended to hold the premises in any event, and were able to do so, even to the end of litigation over their right of possession. In the meantime, relying upon an effective termination of the Hudspeth lease, Gugenheim entered into a contract with another tenant who leased the premises from him for a period of two years, and who demanded possession under that contract.

When confronted with this situation, Gugenheim and his associates instituted this action for an injunction, not only prohibiting the Hudspeths from further use of the premises and interference with the owner and the new lessee in taking possession, but mandatorily enjoining the Hudspeths to vacate the premises. A temporary restraining order was granted without notice, and upon notice and after a hearing both the temporary prohibitory and mandatory injunctions were granted by the court, effective at the end of 20 days. The Hudspeths filed and presented a motion to dissolve, the court overruled the motion, and this appeal is from that order.

The record discloses that the Hudspeths probably cannot respond in damages to Gugenheim for the unauthorized use of the premises in controversy, and, even if this were not true, such damages would be limited to the rental value of the premises; and, while the recovery thereof might serve to compensate Gugenheim for such use, he would still be liable to the new lessee for breach of the contract with the latter with no right of recovery over, thus sustaining an irreparable loss. Of course, there remained to Gugenheim the remedies of sequestration and detainer, but it is shown by the Hudspeths' attitude that these remedies would be ineffectual to recover possession, for they will replevy or repossess themselves in such proceeding. On the other hand, if the Hudspeths can establish their claim of the right of possession, they may have their damages of Gugenheim and his associates, who are amply solvent, and are supported by an adequate injunction bond.

[1, 2] The general rule in this state is that a mandatory injunction is not available for the purpose of dispossessing one who is in peaceable possession of land, pending an adjudication of the relative equities of those claiming the right of possession. But the rule is not so inflexible as to exclude all exceptions, for it has been relaxed so as to permit such injunctions in extreme cases of pressing necessity, and where the complaining party shows himself entitled to the interference of a court of equity and is without adequate and practical remedy at law. Sumner v. Crawford, 91 Tex. 131, 41 S. W. 994.

Under that exception, the question in cases of this character becomes one of whether or not under the peculiar facts the case is one of a clear right and a pressing necessity, in which the ousting party is entitled to relief, but is without a practical and adequate rem-

edy at law. Within this narrow restriction the question is one for the trial judge to determine, subject to revision, if he abuses his discretion in granting the writ.

[3] Upon the hearing of the motion to dissolve the parties went very fully into the whole transaction, eliciting evidence which covers 160 pages in the statement of facts. The evidence clearly negatives the claim of the Hudspeths of an express renewal of the lease of the premises in controversy. The evidence shows also that, relying upon the absence of the lease to the Hudspeths, Gugenheim leased the premises to another for a period of two years, and is now confronted with the alternative of placing the new lessee in possession, or of responding to him in damages sufficient to compensate him for whatever loss he may suffer by reason of the breach of that contract. So does the evidence show that the Hudspeths have disobeyed the restraining orders here complained of and intend to continue in possession regardless of litigation, and even to the extent of replevy and repossession in event of sequestration or detainer proceedings, thus rendering futile any resort Gugenheim may have to those, his only, legal remedies.

Under the case made we cannot say the trial judge has abused the discretion lodged in him. The judgment is accordingly affirmed.