## PEARCE et al. v. ATLANTIC LIFE INS. CO.
### No. 10965.

Court of Civil Appeals of Texas. Dallas.

Feb. 28, 1931.

Verne D. Adamson, of Marshall, for appellants.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellee.

LOONEY, J.

Gertrude M. Pearce, owner of a parcel of land in the city of Dallas, sued the Atlantic Life Insurance Company, appellee, and others, seeking to have canceled a trust deed claimed by defendants on the land, and its removal as a cloud on her title; to enjoin· a sale of the land under the trust deed advertised to take place September 2, 1930; to' prohibit defendants from asserting claim to' the land adverse to plaintiff; and to enjoin them from collecting or attempting to collect rents from tenants occupying the premises.

The court granted the temporary writ, and set the matter·for further hearing on September 12, 1930. On motion, the court dissolved the temporary writ, thereafter the property was readvertised, and sold by the trustee November 4, 1930, appellee becoming purchaser. In a cross-bill, appellee asserted title to the land acquired at the trustee's sale, alleged that appellant and her attorneys, Whitehead and Adamson, were wrongfully interfering with its right to collect rents from tenants occupying the premises, by notifying them not to pay to appellee, and demanding that payments be made to her or her attorneys, thus preventing payments to appellee, and confusing tenants as to the ownership of the premises and the proper person to whom payments should be made; that unless appellants' were restrained, tenants would either pay rents to appellant or her attorneys, or else would fail to pay anyone; therefore, in order to prevent loss of rents altogether, appellee prayed for the issuance of a temporary writ, enjoining appellant and her said attorneys from in any manner interfering with its control of the property in collecting rents, and on final hear-

554

ing that the temporary writ be made permanent, etc. The court granted the writ in accordance with the prayer.

In answer to the cross-bill, appellant tendered the same issues as in her original petition, on which she sought injunctive relief, and by appropriate allegations also attacked the validity of the trustee's sale under which appellee became purchaser of the land: and moved to dissolve the temporary writ granted on the cross-bill. The attorneys disclaimed any interest in the subject-matter of litigation, and joined in the motion of Mrs. Pearce for dissolution.

The motions to dissolve were heard on verified bill and answer, and overruled January 10, 1931, from which this appeal was taken.

Appellants' propositions, reduced, are these: That the court erred in refusing to dissolve the temporary writ, because their verified answer denied all material allegations of the bill; because appellee failed to show that appellant was insolvent and unable to respond in damages, or that its remedy at law was otherwise inadequate; and, further, that the temporary writ was in legal effect a mandatory injunction that compelled appellant to surrender possession of the property to appellee.

■ It is obvious that, in acting upon the motions to dissolve the two writs issued, the court passed upon the material issues twice; that is, on hearing the motion to dissolve the temporary writ issued in favor of appellant, and again on hearing her motion to dissolve the temporary writ issued at the instance of appellee. On the latter hearing, the court could consider as a fact auxiliary to the allegations of the bill, its former adjudication, in which the writ first issued was dissolved, and was authorized to find tentatively (it could not be other than tentative, as the case remains to be tried on its merits) that appellee was owner of the property in question. On this idea, appellee was entitled to collect rents from tenants occupying the premises.

■ The court's finding brought the case under the provisions of subdivision 1 of article 4642, R. S., that authorize the issuance of an injunction where the applicant is entitled to the relief sought, and such relief, or any part thereof, requires the restraint of some prejudicial act. The right to an injunction under these circumstances is statutory, hence a showing that there existed no adequate remedy at law was not required. In the case of Republic Insurance Co. v. O'Donnell Motor Co., 289 S. W. 1064, 1066, this court had occasion to examine this subject and disposed of same with full citation of authorities using the following language: "Our statute has enlarged the rule at equity. Article 4642 (4643) (2989), Rev. St. 1925, subd. 1, provides that an injunction may be granted 'where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him.' The authority to grant the writ in cases within the meaning of the quoted provision of the statute does not depend in any sense on a showing that there exists no adequate remedy at law. If a case comes within the meaning of the statute, the right to the writ is clear without such showing. * * *" We therefore overrule the contention that appellee was required, as a condition precedent to injunctive relief, to show that it was without adequate remedy at law.

■ But if our classification of the case is erroneous, that is, if it properly belongs to the general group provided for in subdivision 3 of article 4642, wherein provision is made for the issuance of injunctions in cases where the applicant shows himself entitled to relief under the principles of equity, yet, in all such cases, the courts have held that, notwithstanding a verified answer may unequivocally deny all material allegations of the bill, the granting or refusing to grant, dissolving or refusing to dissolve, temporary injunctions, are questions calling for the exercise of sound discretion on the part of trial courts, and before their action will be disturbed on appeal, abuse of such discretion must be shown; and, further, where it appears that a continuance of the temporary writ cannot prejudice or imperil the rights of the adverse party, but that its dissolution may seriously imperil the rights of the complaining party, a motion to dissolve should be denied. Hart v. Mills, 38 Tex. 518; Friedlander v. Ehrenworth, 58 Tex. 353, 355; Lone Star, etc., Co. v. Cole (Tex. Civ. App.) 131 S. W. 1180, 1183; Porter v. Johnson (Tex. Civ. App.) 140 S. W. 469, 471; Harris v. Thomas (Tex. Civ. App.) 217 S. W. 1068; Phoebus v. Connellee (Tex. Civ. App.) 223 S. W. 1019; City of Dallas v. Fry (Tex. Civ. App.) 263 S. W. 653, 654.

■ We are not unmindful, however, of the general rule urged by appellants that forbids the use of a mandatory injunction to dispossess one and place a rival claimant of land in possession, but this rule yields, if the exigency is sufficient. In Hudspeth v. Gugenheim (Tex. Civ. App.) 278 S. W. 952, 953, the court used language in point, as follows: "The general rule in this state is that a mandatory injunction is not available for the purpose of dispossessing one who is in peaceable possession of land, pending an adjudication of the relative equities of those claiming the right of possession. But the rule is not so inflexible as to exclude all exceptions, for it has been relaxed so as to permit such injunctions in extreme cases of pressing necessity, and where the complaining party shows himself entitled to the interference of a court of equity and is without adequate and practical remedy at law. Sumner v. Crawford, 91 Tex. 131, 41 S. W. 994."

However, the gravamen of the complaint in the case at bar is that the conduct of appellant prevents appellee from collecting current rents, and has produced such a situation as will result in tenants paying no one; hence the issuance of a temporary writ restraining appellants in the respects sought was necessary to prevent irremediable loss of rents to the party who may, on final trial, be adjudged entitled thereto. It is true, the temporary writ will, for the time being, shift possession and control of the premises from one to the other party, but this is an incident; a means to an end, and does not exhaust the purpose for which the injunction was sought.

The trial court was justified in concluding that, if appellee should prevail on final trial, nevertheless it would suffer loss in the meantime from the confusing and disagreeable situation produced by the rivalry of the parties in their efforts to collect rents, unless the injunction is continued, and further that the continuance of the injunction will not be prejudicial to appellant, in the event she wins the suit, because of the protection afforded by the injunction bond.

For reasons stated, we are of opinion that the court did not abuse its discretion in refusing to dissolve the temporary writ; hence its judgment is affirmed.

Affirmed.