SCURRY AREA CANYON REEF OPERA-
TORS CORP et al., Appellants,

v.

R. C. POPNOE, Appellee.

No. 3205.

Court of Civil Appeals of Texas.

Eastland.

Nov. 4, 1955.

Rehearing Denied Nov. 25, 1955.

Ross Madole, Dallas, Earl L. Creasey, Ft. Worth, Conner & Conner, Eastland, for appellants.

Garland Armstrong, Snyder, Hawkins & Dean, Breckenridge, for appellee.

LONG, Justice.

R. C. Popnoe sued Scurry Area Canyon Reef Operators Corp., Cities Service Oil Corporation, Magnolia Petroleum Company and Magnolia Pipe Line Company, seeking an injunction to restrain them from severing a gas connection on his land in Scurry County, Texas. The court granted a temporary restraining order and upon a hearing granted a temporary injunction as prayed for. The defendants have appealed.

Appellants, by their first point, urge that the court erred in granting the temporary injunction because appellee failed to allege or establish the probable existence of a right which would be irreparably injured by said threatened action of appellants. This point is overruled.

Appellee alleged and the evidence shows that he is the owner of 160 acres of land in Scurry County; that he retained the right in an oil and gas lease on said land to use gas from gas wells located thereon; that in accordance with his right to use gas from said wells he had, at considerable expense and with the consent of appellants, made connection with said wells and used the gas therefrom for domestic purposes and that appellants were threatening to sever said connection, which would cause him irreparable injury. The evidence discloses that appellee, for over five years, had been using gas from these wells for heat and light in his home. There is evidence that appellants were threatening to sever appellee's connection with the wells and thereby disturb appellee in his use of the gas for such purposes. We believe these facts are sufficient to sustain the action of the court in granting the temporary injunction. The evidence shows that appellee, for about 40 days prior to the trial, had been using gas from these wells in operating a pump for irrigation purposes. Appellants contend that such use violates the terms of the lease and for this reason appellee is not entitled to an injunction. The evidence shows that he was not using the gas for such purposes at the time of the trial. The fact that appellee may have at some time used gas for irrigation purposes in violation of the terms of the lease would not authorize appellants to sever appellee's connection and thus deprive him of the contract right to use gas for domestic purposes. It is the settled law of this state that where it appears that a continuance of a temporary injunction cannot imperil the rights of the adverse party but that its dissolution may seriously imperil the rights of the complaining party, a motion to dissolve should be denied. Pearce v. Atlantic Life Ins. Co., Tex.Civ.App., 36 S.W.2d 553. It is shown that appellants were threatening to sever the gas connection used by appellee in obtaining gas for use in his home for heat and lights. This would work a great hardship on appellee. He depended upon this gas for fuel in his dwelling house. The temporary injunction does nothing more than restrain appellants from severing the connection until the matter can be heard on its merits. We cannot see how appellants will be injured thereby.

By their second point appellants say the court erred in granting the temporary injunction because it had the effect of not maintaining the status quo of an existing right but afforded appellee all relief to which he claimed to be entitled upon a trial on the merits. We cannot agree with this contention. The temporary injunction does nothing more than preserve the status quo of the property. It merely prevents appellants from severing the gas connection used by appellee in obtaining gas for his home. It does not restrain appellant from severing the connection at the irrigation pump. The granting of a temporary injunction for the preservation of the status quo is within the discretion of the trial court. In the absence of a showing of an abuse of such discretion the trial court's action will not be disturbed on appeal. Gillian v. Day, Tex.Civ.App., 181 S. W.2d 327. See also 6 Tex.Jur., 10 Year Supp., page 26, Sec. 85. We hold that no abuse of discretion is shown. The court was preserving the status quo until the rights of the parties could be finally determined. It is never permissible to grant a temporary injunction when there are substantial issues of fact to be determined at the final trial that would probably result in defeating the relief sought. City of University Park v. Rahl, Tex.Civ.App., 36 S. W.2d 1075. But, there are no substantial fact issues to be determined so far as we can determine. Appellants raised the question that the wells from which the gas is obtained are oil wells and not gas wells as contemplated by the lease. The facts are undisputed that the wells produced both gas and oil. It will be for the determination of the court on a final hearing whether the lease means that appellee has the right to use gas from wells producing gas only and not from wells producing both oil and gas.

By their third point appellants contend the trial court erred in granting the temporary injunction against the appellants

who are non-residents of Scurry County, with no other parties before the court in view of Article 4656, Vernon's Annotated Civil Statutes, which requires that a suit for injunction shall be brought in the county of the domicile of one of the defendants. We cannot sustain this contention.

Appellee pleaded that the defendant, Scurry Area Canyon Reef Operators Corp., had its principal office in the City of Snyder, Scurry County, Texas, with H. H. Allen as its local manager. The judgment granting the temporary injunction recites that all the parties appeared. We believe that with one of the parties to the action being domiciled in Scurry County the court had jurisdiction over the other parties thereto.

We find no reversible error in any of the points presented and they are accordingly overruled.

The judgment of the trial court is affirmed.