**Opinion filed August 5, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00168-CV
_____

### MR. W FIREWORKS, Appellant

### V.

### SOUTHWEST ROYALTY, INC., Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-123,890**

## MEMORANDUM OPINION

In this case, the surface owner, Mr. W Fireworks, appeals from a judgment awarding the operator of an oil and gas unit, Southwest Royalties, Inc. (SRI), the exclusive right to the use of an access road across Mr. W's land. The trial court also awarded attorney's fees to SRI and permanently enjoined Mr. W from interfering with SRI's exclusive use of the road, the fence, the gate, and the lock. We affirm in part and reverse and remand in part.

Mr. W presents two issues for review. In the first issue, Mr. W contends that the trial court erred in concluding that SRI is entitled to exclusive use of the access road via the fence and the locked gate, thereby depriving Mr. W of any use of or access to its land. Mr. W does not dispute that an easement exists over the access road, but Mr. W does challenge the rights granted by the trial court as part of that easement. Mr. W thus suggests that SRI's exclusive use is not reasonable or necessary. As the surface owner, Mr. W had the burden of proof on this issue.

*Tarrant County Water Control & Improvement Dist. No. One v. Haupt, Inc.*, 854 S.W.2d 909, 911 (Tex. 1993); *Getty Oil Co. v. Jones*, 470 S.W.2d 618, 623 (Tex. 1971).

SRI asserts that Mr. W, by failing to specifically challenge the trial court's findings of fact, has waived any error. Though Mr. W fails to specifically point out which findings of fact and conclusions of law are challenged, Mr. W's brief is sufficient to put this court on notice of the contentions being made by Mr. W. *See* TEX. R. APP. P. 38.1(f); *Shaw v. County of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied); *see also Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 863 (Tex. 2005). We do not construe the brief to challenge the factual sufficiency of the evidence. We must defer to any factual findings that are supported by evidence; however, unchallenged findings of fact are not binding on an appellate court if the contrary is established as a matter of law or there is no evidence to support the findings. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696-97 (Tex. 1986). Furthermore, the injunctive relief granted by the trial court is reviewable for an abuse of discretion. *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 975 S.W.2d 546, 560 (Tex. 1998); *Montfort v. Trek Res., Inc.*, 198 S.W.3d 344, 351 (Tex. App.—Eastland 2006, no pet.). In this regard, we do not defer to the trial court's factual findings if there is no factual dispute and the only remaining issue is a legal question. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008); *Brainard v. State*, 12 S.W.3d 6, 30 (Tex. 1999); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

In this case, the facts are largely undisputed. The parties agree that Mr. W is the surface owner of the access road, which is 29 feet wide and 182 feet long, and that SRI has a right to use the access road to reach the wells that it operates adjacent to Mr. W's land. The drill site, a fence surrounding the drill site, an access road to the drill site, and a fence running along the side of the access road have been in existence since 1974. A high pressure injection line and an oil production line lie beneath the access road. SRI needs to have access to these lines when there is a leak and needs to be able to access its wells via the access road at all times. After Mr. W purchased the land in 2007, a dispute arose regarding the fence beside the access road. Mr. W made preparations to remove part of the fence, which is a short chain-link fence, so that delivery trucks would have more room to turn around. In response, SRI installed a gate across the entrance to the access road, locked the gate, and obtained a temporary restraining order to keep Mr. W from interfering with SRI's use of the fence, the gate, and the road. Mr. W was not given a key to the locked gate and was denied any access to or use of the access road.

SRI – claiming that it owned the road by adverse possession;[1] that it had an easement for the purpose of conducting oil and gas operations; and that it had an easement by implication, estoppel, necessity, and prescription – then sought a permanent injunction against Mr. W. The trial court entered a permanent injunction against Mr. W and granted to SRI and its successors "an exclusive easement for their exclusive use, enjoyment and maintenance of the access road, its fence, gate, and its locking mechanism."

The trial court found that SRI was the operator of the Gist Unit; that, since 1974, an access road running north and south from Yukon Road to a drill site had been used exclusively by SRI, its predecessor, and their business invitees to access the site; and that the road, a fence surrounding the road, and a gate at its entrance were a reasonable use of the surface for ingress and egress to the drill site. The trial court also permanently enjoined Mr. W. from impeding, obstructing, or interfering with SRI's use and enjoyment of the road, including the fence, the gate, and its locking mechanism.

Mr. W does not challenge the sufficiency of the trial court's findings of fact but contends that the trial court erred by allowing SRI to keep the fence and gate because this deprived it of any use or enjoyment of its property. We review injunctive relief for an abuse of discretion. *Operation Rescue-Nat'l*, 975 S.W.2d at 560. We may not reverse simply because we disagree with the trial court's decision but must affirm unless that decision is beyond the trial court's discretionary authority. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). We review any legal determinations de novo. *Brainard*, 12 S.W.3d at 30.

An access easement is a nonpossessory interest in land that authorizes its holder to use the land for ingress and egress. *Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002). An easement includes the right to do whatever is reasonably necessary for full enjoyment of the rights granted, but it must place as little burden as possible on the servient owner. *Whaley v. Cent. Church of Christ of Pearland*, 227 S.W.3d 228, 231 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Texas courts have held in some instances that this precludes construction of a fence along a right-of-way. *See, e.g., West v. Houston Lighting & Power Co.*, 483 S.W.2d 352, 357 (Tex. Civ. App.—Houston [1st Dist.] 1972, no writ) (easement owner has no statutory or common-law right to build fences along the sides of the right-of-way unless it acquires this right in condemnation proceedings).

---

[1]The trial court did not rule in SRI's favor on this cause of action, and adverse possession is not at issue in this appeal.

Whether SRI's predecessor had the right to place a fence along the access road we need not decide because Mr. W does not have standing to contest its presence.[2] A cause of action for injury to real property is a personal right that belongs to the person who owns the property at the time of the injury. *Senn v. Texaco, Inc.*, 55 S.W.3d 222, 225 (Tex. App.—Eastland 2001, pet. denied). A subsequent purchaser can acquire a property damage claim, but it must be specifically assigned. *Vann v. Bowie Sewerage Co.*, 90 S.W.2d 561, 563 (Tex. 1936).

The fence was constructed in 1974. It was originally built with hog wire but, in the early 1980s, was replaced with a chain-link fence. If the installation of this fence exceeded the operator's right to use the surface, any cause of action accrued no later than the construction of the chain-link fence, and it belonged to the surface owner at that time. Mr. W purchased its tract in 2007.[3] There is no evidence that Mr. W acquired any property damage claims when it purchased the tract. The trial court, therefore, did not abuse its discretion by enjoining Mr. W from removing the fence.

Mr. W does have standing to challenge the injunction as it pertains to the gate and locking mechanism. SRI installed the gate and lock after Mr. W's purchase in response to the vehicular and pedestrian traffic associated with the fireworks stand and the improved tract. Mr. W laid down caliche after it purchased the tract. The access road is on the side of Mr. W's tract closest to the adjoining neighborhood. People who live in the area began parking their equipment on the tract when fireworks were not being sold. The drill site has $H_2S$, and a high-pressure line runs down the road. SRI was concerned that the access road would be blocked and that they would be unable to access the site in an emergency. This is sufficient evidence to support the trial court's finding that the gate and locking mechanism were a reasonably necessary use of the surface and, therefore, the trial court did not abuse its discretion by enjoining Mr. W from removing them.

SRI's representative agreed that, without a key to the gate's lock, Mr. W was excluded from a portion of its property. In *Samuelson v. Alvarado*, 847 S.W.2d 319, 323 (Tex. App.—El Paso 1993, no writ), the court held that a similar order granted the easement owner fee title to the right-of-way by judicial fiat without compensation. SRI pleaded that it had acquired the

---

[2]Standing is a prerequisite to the trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). Whether a court has subject-matter jurisdiction is a question of law and, therefore, is reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

[3]Mr. W's representative admitted that the fence was open and obvious and that it probably appeared on their pre-purchase survey.

access road by adverse possession or, alternatively, that it had an easement to access its drilling site. The trial court did not find that SRI had acquired title to the road by adverse possession but found that it had acquired an exclusive easement. SRI does not challenge the trial court's failure to find that it acquired fee simple title.

Because SRI has an easement and Mr. W has fee title, SRI's use of the access road does not give it a dominant right of use unnecessary to the enjoyment of the road. *See Exxon Corp. v. Schutzmaier*, 537 S.W.2d 282, 287 (Tex. Civ. App.—Beaumont 1976, no writ) (the use of an easement is limited to those uses which are reasonably necessary and convenient and as little burden to the servient estate as possible). SRI is entitled to the free and undisturbed use of the access road. *MGJ Corp. v. City of Houston*, 544 S.W.2d 171 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). Thus, the trial court did not abuse its discretion by enjoining Mr. W from interfering with SRI's use of the road, but the evidence does not support burdening the servient estate by excluding it from any access to the road.

Mr. W's first issue is overruled in part and affirmed in part. We affirm that portion of the trial court's judgment allowing SRI to maintain a fence surrounding the access road and a locked gate at the road's entrance and enjoining Mr. W from impeding or obstructing SRI's use and enjoyment of the access road. We reverse that portion of the judgment enjoining Mr. W from interfering with the gate and locking mechanism and remand to the trial court to modify this injunction so that Mr. W has access to its entire tract, such as by providing it with a key or combination to the gate's lock or by allowing it to place a second lock on the gate.

Mr. W's second issue complains of the trial court's award of attorney's fees. Because we have reversed a portion of the trial court's judgment, we also remand for further consideration of the attorney's fee award.

The judgment of the trial court is affirmed in part and reversed and remanded in part.


JIM R. WRIGHT
CHIEF JUSTICE

August 5, 2010
Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5