**WISE et al. v. ABILENE WATER CO.\***
(No. 1625.)

(Court of Civil Appeals of Texas. El Paso.
April 24, 1924. Rehearing Denied
May 16, 1924.)

1. **Eminent domain** ⊜⊐10(1)—Company furnishing water to city only in event of emergency not entitled to condemn.

Under Rev. St. arts. 1003, 1004, as to condemnation by cities and companies chartered to furnish water supply for a city, company chartered to supply city with water, which, when the city got its own water plant, furnished water for number of purely private purposes, and to the city only in event of emergency, could no longer condemn; its service to the public being too remotely contingent.

2. **Eminent domain** ⊜⊐194—Petition may not on trial be amended to describe other land.

Since proper description of land in original petition in condemnation proceedings applying for appointment of commissioners to assess damages is jurisdictional, description may not on trial in county court be amended to describe other land.

Appeal from Taylor County Court; J. W. Moffett, Special Judge.

Condemnation proceeding by the Abilene Water Company against John C. Wise and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Ben L. Cox, Louis S. Wise, and Thos. E. Hayden, Jr., all of Abilene, for appellants.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellee.

WALTHALL, J. This was a proceeding instituted by the Abilene Water Company, a corporation, organized under the laws of this state, to condemn certain land consisting of about one-third of an acre, owned by John C. Wise and Louise S. Wise, and situated adjacent to the spillway of Lytle Lake, a body of water owned by the Abilene Water Company, near the city of Abilene, Tex.

The original petition, addressed to and filed with the county judge, after the formal parts states that the parties were unable to agree on the value of the property sought to be condemned, and applied for the appointment of three commissioners to assess the value of the property, described as:

"Beginning at a point in the west line of section 47, Blind Asylum Land in Taylor county, Texas, 1800 feet north of the southwest quarter of same; thence south with the west line of said section 47, 200 feet; thence east at right angles to the west line of section 47, 200 feet; thence in a northerly direction to the place of beginning."

The county judge appointed Charlie Wright, G. B. Tittle, and I. M. Bennett as commissioners to assess the damages incident to the condemnation of said land. Notice signed by said three commissioners of their appointment to assess the damages to said property, describing same as above, to condemn said property for the use of plaintiff for the purpose of enlarging its spillway on its reservoir adjacent to said property, and giving the time and place of the meeting of said commissioners for said purpose, was served on each of defendants; later, on application of Abilene Water Company, Bennett, by order of the court was relieved as commissioner on account of illness and absence from Abilene, and W. I. Bounds was appointed as commissioner in his stead. Thereafter the last-named three having duly qualified as commissioners, and without further notice to defendants, assessed the damages to said property by reason of said condemnation and awarded to appellants the sum of $350 as the damages assessed, and made their report. Plaintiff and defendants each filed their objections to the report of the commissioners, and the matter was set down for trial in the county court. Plaintiff filed its first amended original petition reciting the facts substantially as above, describing the land as above, the notice of appeal from the report of the commissioners, and stating "that it is necessary to condemn said land for the purpose of enlarging its spillway on the reservoir now owned by them immediately west and south of the above-described land," and prayed that the property be condemned, and damages be assessed thereon, and for relief. Defendants filed their original answer stating their several objections to the report of the commissioners; objection to the notice given by the commissioners as to their appointment; objection to the application for the condemnation as not showing with sufficient certainty the purpose for which the land sought to be

---

⊜⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

\*Writ of error dismissed for want of jurisdiction June 12, 1924.

condemned is to be used; that the plaintiff is not such a corporation as is contemplated by the statute to which is given the right of eminent domain, nor is it engaged in such business as the law permits it to exercise such right; that it is not necessary to preserve the public health, or for any other public purpose, that said improvement be made, for which said condemnation is sought, as appears from the petition; that, if such improvement were necessary to the public health, said land is not essential to said improvement; that the award is wholly inadequate, and less than the fair market value of the land.

Plaintiff filed a trial amendment, correcting the beginning call in the description of the land, substituting "corner" for "quarter."

The court submitted the case to a jury on special issues, resulting in the following findings, in effect:

(1) The reasonable market value of the land sought to be condemned is $500.

(2) The remainder of defendants' land adjacent to the land condemned is neither benefited nor damaged.

On issues submitted at request of defendants, the jury found:

(3) Plaintiff is engaged in furnishing water to a city or town.

(4) The acquisition and use by plaintiff of the land in controversy is necessary to preserve the public health.

(5) The acquisition and use of the land in controversy is essential or necessary to the purpose for which it is sought to be condemned.

On the jury's findings the court entered judgment for plaintiff for the land as described in the trial amendment on payment of the damage found. Defendants prosecute this appeal.

### Opinion.

As recited in its charter, one of the purposes for which Abilene Water Company is formed is "to supply water to the public generally and to the city of Abilene and its citizens," and claiming to have power, rights, and privileges incident to the exercise of the purposes of its formation, as stated.

Article 1004, Revised Statutes, provides:

"Any company or corporation, chartered under the laws of this state, for the purpose of constructing waterworks, or furnishing water supply for any town or city, shall have the same right to condemn property necessary for the construction of supply reservoirs or standpipes for waterworks, when deemed necessary to preserve the public health, that is given towns and cities under this article."

The rest of the article has reference to the procedure for the condemnation of property.

The preceding article under the same title as the above (article 1003), without quoting the entire verbiage of the article, provides that whenever a city council of an incorporated city or town shall deem it necessary to take any private property in order to accomplish the things there stated, whenever it is made to appear that the use of any such private property is necessary for successful operation of the thing there permitted to be done, and when it is also made to appear that same is beneficial to the public use, health, and convenience, such property may be taken for such purposes by making compensation to the owner, and prescribes the procedure for condemnation where the parties cannot agree upon the compensation.

[1] By their first proposition appellants insist that a peremptory instruction should have been given in their favor as it was not made to appear that appellee was engaged in furnishing water to any city or town, and that a water company which has ceased to supply water to any city or town is not authorized to exercise the power of eminent domain.

The use for which the right to condemn is given must be such public use as is pointed out in the statute, and for the accomplishment of which appellee was organized.

We think we need only state the uncontroverted evidence to make clear the extent of the public use made of the water supply in Lytle Lake, such use made the basis for the right to exercise the power of eminent domain by appellant. Price Campbell, superintendent and manager for the Abilene Gas Electric Company, Abilene Water Company and Ice Company, a witness for plaintiff, testified:

"The Abilene Water Company is the owner of Lytle Lake. The lake is used for water supply for the electric company, the ice company and emergency supply for the city of Abilene. This lake used to be the water supply for the city of Abilene. The city of Abilene owns its water supply. In case of any emergency on the part of the city of Abilene, such as breaking of dam or pipe line, this water supply, Lytle Lake, is available for the use of the city. * * * (Cross-examination.) The Abilene Water Company sold its mains to the city. The Abilene Water Company now owns a section of line, and also discharges mains into the present city mains. We do not own any distribution mains. We do not own any lines that empower us to furnish any water to the city except the Wichita Railroad Company. * * * We are not now engaged in furnishing the city of Abilene except in any emergency. As to whether there has been an emergency there has not, except last summer. * * * The city of Abilene owns the water mains, distribution mains, and its own water supply. This Lytle Lake out here is not being used for that purpose. Well—only as an emergency. The city furnishes its own water right now. No; our proposition out there at Lytle (Lake) is not an amusement venture. We do not want this land for amusement, we want it for a plant. The main purpose is to use it for our plant to make ice. We now use water from this lake. * * * This is what we use it for, for supplying the plant. The electric

company, water company, and the ice company are the same. The light plant supplies light, power, and heat for Abilene and thirty other little towns. It is essential, for this plant to have water—absolutely."

We have concluded that the judgment of the court cannot be sustained under the above undisputed evidence. It is the evidence from which the jury found that the Abilene Water Company was engaged in furnishing water to the city of Abilene. In our opinion, where it is so conclusively made to appear that appellee is furnishing water for a number of purely private purposes and institutions, and to the city of Abilene only in the event of the emergency, and only as an available supply of water, the service to the public is too remotely contingent to justify the exercise of the right of eminent domain. In Borden v. Trespalacios Rice, etc., Co., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640, our Supreme Court, speaking through Mr. Justice Williams, after discussing at some length the public use for which private property may be taken, said:

"We agree that property is taken for public use as intended by the Constitution only when there results to the public some definite right or use in the business or undertaking to which the property is devoted. And we further agree that this public right or use should result from the law itself and not be dependent entirely upon the will of the donee of the power."

Here it is not made to appear, either directly or indirectly, that the city of Abilene, either individually or in its corporate capacity, is in the least interested in maintaining Lytle Lake as an emergency supply of water. It does appear that Abilene owns its water plant and is supplying the public with water therefrom. While appellee was incorporated for the purpose of supplying the city with water and had done so in the past through its water mains, and, with its present reservoir and spillway, it is quite evident it is not so engaged at the present, and at present, so far as the record shows it would be only by permission of appellee, and only in case of emergency could the public be served with water from its reservoir. The public use of the water in our opinion is not sufficiently specific and definite, nor is the public's right to the use of the water made to appear, also the public use of the water sought to be exercised by appellee is too remote and undefined to form the basis of the condemnation proceeding, and for that reason the case must be reversed. In this connection see Brown v. Gerald, 70 L. R. A. 472; notes and cases cited volumes 21 and 22, L. R. A. (N. S.) pp. 538 and 77, respectively.

[2] The third and fourth propositions go to the action of the court in permitting the amendment of the description of the land on the trial in the county court. Clearly there was a misdescription of the land sought to be condemned in the application for the appointment of the commissioners, and in the report of the commissioners. The amendment corrected the beginning call so as to properly identify the land really desired. The holdings of the courts are not altogether uniform on the question presented. In H. & T. C. R. Co. v. Postal Tel. Cable Co., 18 Tex. Civ. App. 502, 45 S. W. 179, it was held that such amendment could properly be made, either as to form or substance, in the county court. In Johnson v. Galveston County (Tex. Civ. App.) 85 S. W. 511, on the reasoning stated, it was held as we view the case, that the proper description of the land sought to be taken was jurisdictional, and that no amendment in the county court can cure the omission of the jurisdictional allegations in the original petition for the condemnation. However, we think the Supreme Court in Parker v. Fort Worth & Denver City Ry. Co., 84 Tex. 333, 19 S. W. 518, is conclusive of the question presented. Several matters there discussed apply to several issues here presented:

The board of commissioners appointed in a condemnation proceeding is a special tribunal. Nothing is to be presumed in favor of its power or its jurisdiction. The validity of its proceedings is special in its character and depends upon a compliance with the law authorizing it.

Notice to the owners of the land sought to be condemned is necessary to jurisdiction, and cannot be presumed either from declarations contained in the report of the commissioners, or from recitals in the decree of condemnation—it must be proved. The jurisdictional facts must appear in the evidence on the trial in the county court.

The petition for the appointment of the commissioners must describe the land to be taken in order that the commissioners may know upon what to base their estimate of damages, and that the interested parties may come prepared to show what would be a just compensation. As said in the case referred to, from which we make these observations, it is important that the report of the commissioners should show that their estimate of damages is based on the land applied for. The land here applied for and condemned is not the same in description and location as the land described in the decree on the trial, and there is nothing in the evidence to show that the commissioners condemned the land described in the decree, or that they condemned any land other than the land described in the original petition. But if it could be said that the commissioners in fact condemned the land described in the petition as finally amended and as in the decree, we think it is a sufficient answer to say that the statute requires the applicant for condemnation of land to state in writing the real estate sought to be condemned, and the commissioners have no power to condemn any

other land. It is the original petition of the applicant that gives jurisdiction. If we are not in error in so holding, it follows that the land described in the amended petition and as in the decree in the county court had never been condemned by the commissioners, and the county court would have no jurisdiction to enter a decree. It might be said in this connection that neither the report of the commissioners nor the decree of the county court follow the application in stating the purpose to which the Abilene Water Company is authorized to apply the property. No purpose to which the land may be applied is stated in the report or decree. Parish et al. v. Wichita Falls R. & Fort W. Ry. Co. (Tex. Civ. App.) 224 S. W. 205.

Some of the matters complained of in the propositions not discussed may not arise in the event of another trial.

For reasons stated, the case is reversed and remanded.