## GILLIAN et ux. v. DAY.

### No. 11604.

Court of Civil Appeals of Texas. Galveston.

Nov. 18, 1943.

Rehearing Denied Dec. 9, 1943.

See, also, 179 S.W.2d 575.

Dick Young and P. Harvey, both of Houston, for appellants.

Albert J. DeLange, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an interlocutory order in this cause granting an application of W. C. Day and Albert Turner for a temporary injunction restraining appellants from further prosecuting a forcible detainer suit filed by appellants against their tenant, Albert Turner, until the final disposition of the original suit in the district court of Harris county. No findings of fact or conclusions of law were requested by the parties or were filed by the trial court.

On September 28, 1943, Richard C. Gillian and wife filed the original action in trespass to try title for the recovery of Lots 28 and 29, Block 209, Houston Heights Addition to the City of Houston, in the

district court of Harris County. There was also a forcible detainer suit pending in County Court at Law No. 2 of Harris County which involved the same property and which Gillian filed and was attempting to try prior to the trial of the trespass to try title action. Appellees made application for a temporary injunction restraining appellants from prosecuting said forcible detainer cause in the County Court at Law No. 2 of Harris County until final trial of the suit involving the title to the property involved in both actions. Appellees alleged that appellants were insolvent and were unable to respond in damages done or for any rents collected through the forcible detainer cause, or otherwise, and that they would suffer irreparable damages if said cause was tried prior to the trial of the original suit, and that they had no adequate remedy at law.

After a full hearing upon appellees' application, the trial court found that they were entitled to the relief sought.

The trial court conducted a full hearing on the facts of the case, in which each side was allowed a wide latitude in the introduction of evidence, before granting the injunction prayed for.

 It has been uniformly held in this State that the trial court has the duty to grant temporary injunctions where there is substantial controversy and one party is committing or threatening immediate commission of any act which will destroy the status quo of the property involved before a full hearing can be had on the merits of the case. The status quo referred to which should be preserved by a temporary injunction in pending suits refers to the last actual, peaceable, noncontested status of the parties to the controversy which preceded the pending suit and which should be preserved until final decree can be entered. An injunction is not a remedy which can be used for the purpose of recovering title or the right of possession to property. Houston Funeral Home et al. v. Boe et al., Tex.Civ.App., 78 S.W.2d 1091, and cases there cited.

 It is the settled law in this State that the granting or refusal of a temporary injunction is within the sound discretion of the trial court, and that the action of the trial court is not reviewable upon appeal, unless it clearly appears from the record that there has been an abuse of such discretion. Harris County et al. v. Sam Bassett et al., Tex.Civ.App., 139 S.W.2d 180, writ refused, and cases there cited.

 Under the well-established rule that, upon appeal in an action tried before the court without a jury, every reasonable intendment must be resolved in favor of the trial court's judgment, where there is evidence to support the judgment, the order of the trial court herein, read in the light of the testimony, must be construed as an affirmative finding that a judgment in favor of appellants in said forcible detainer suit would destroy the status quo of the property involved and that appellees would suffer irreparable injury thereby.

 The court in this case arrived at his decision, as aforesaid, after a thorough hearing of the facts. A consideration of the record convinces us that he did not abuse his judicial discretion in granting the temporary injunction.

The judgment of the trial court will be in all things affirmed.

Affirmed.