**PENDLETON et al. v. CRABTREE.**

No. 5914.

Court of Civil Appeals of Texas. Amarillo.

Oct. 25, 1948.

Underwood, Wilson, Sutton, Heare & Boyce, of Amarillo (H. A. Berry, of Amarillo, of counsel), for appellants.

Simpson, Clayton & Fullingim, of Amarillo, and King Fike, of Dalhart, for appellee.

PITTS, Chief Justice.

This is an appeal by plaintiffs in the trial court, Royal Pendleton and W. N. Price, appellants, from an order of the District Court sustaining a special exception pleaded by appellee, J. E. Crabtree, defendant in the trial court, and denying a temporary injunction prayed for by appellants.

Appellants filed a suit in the District Court against appellee on April 10, 1948, alleging in substance in a verified pleading that Hattie B. Tate and Lula DeArmond, through their authorized agent, had on April 10, 1944, entered into a written contract of sale with appellant, W. N. Price, to sell to him a tract of land situated in Dallam County, Texas, for a consideration of $5120; that W. N. Price had put up a forfeit of $1000; that the contract had been entered into pursuant to an agreement with appellant, Royal Pendleton, that the land acquired would be owned jointly by appellants with Pendleton owning the surface and one-half of the mineral rights and Price owning only one-half of the mineral rights; that appellants have at all times since the sales contract was executed been ready, willing and able to perform the obligations made by them in the contract but Hattie B. Tate and Lula DeArmond have refused to convey the land to them as provided for in the terms of the contract; that appellant, Royal Pendleton, has been continuously in lawful possession of the land since June 20, 1934, and he and appellant W. N. Price have been in continuous possession of the land jointly since April 10, 1944, and were still in lawful possession of the same and using it; that appellee had no right, title or interest in the land on the date appellants contracted to buy it; that appellee claims and

asserts title to the land by virtue of a purported deed executed to him by Hattie B. Tate and Lula DeArmond on May 25, 1946, but appellee had both actual and constructive notice of appellants' claims and rights to the land at the time the purported deed was executed attempting to convey the land to him; that appellants are owners of legal and equitable title to the land in question subject only to the payment of the consideration agreed upon and they are entitled to hold possession of the same while appellee has no actual title to the land and is not entitled to possession of the same; that appellants are entitled to have the record title to the said land vested in them and are entitled as against appellee to specific performance of the sales contract in question; that appellant, Royal Pendleton, sometime in 1934, placed on the said land four miles of new fence with an agreement between him and the owners at that time that he could remove the fence if he so desired; that subsequent to the contract of sale, the said appellant has made other additions to the premises and improved the said fences; that the said fences have been interfered with and injured and the said appellant's cattle kept on the premises have been driven away and their return to the premises obstructed and appellants alleged that they believed that such interference with the said fences and disturbance of the said cattle were committed and done by appellee or his employees; that on or about October 2, 1946, appellee filed a forcible detainer suit in the Justice Court of Precinct No. 2 of Dallam County against appellant, Royal Pendleton, only, asserting that he (appellee) was the owner of the said the land and premises and sought possession of the same as against the said appellant only; that appellee's claim of ownership pleaded in the forcible detainer suit was based upon the purported executed deed of the said land to him by Hattie B. Tate and Lula DeArmond of date May 25, 1946, when any claim he may have to such land was acquired by him at a time when he had both actual and constructive notice of appellants' prior claims and rights to the said land and premises; that on or about February 12, 1947, the said Justice Court awarded possession of the premises to appellee by judgment entered, from which an appeal was perfected to the County Court of Dallam County where the forcible detainer suit was still pending but appellee was then insisting upon and threatening to have the same tried; that the question of rightful possession of the land and premises depend upon the question of title and rightful ownership of the same and the County Court is without jurisdiction and authority to render judgment determining the rights of the parties as to the subject matter of the controversy existing between them but the District Court does have jurisdiction of the subject matter and has authority to determine the issues raised; that the District Court likewise has jurisdiction and authority to issue a writ of injunction preserving the status quo of the land and premises pending a final adjudication of the controversy existing between the parties; that appellee was insisting upon a trial of the forcible detainer suit in the County Court and the issuance of a writ of restitution as a result thereof; that the issues raised and the controversy existing between the parties cannot be settled in a forcible detainer suit in County Court but such can be settled only under the legal and equitable powers of the District Court; that appellants would suffer irreparable injury if they were dispossessed and if interference with their possession were not restrained. Appellants prayed that status quo be maintained by the issuance of a temporary order of the District Court restraining appellee from proceeding in the forcible detainer suit and from causing the same to be tried and from having a writ of restitution issued therein, until the question of title and rightful ownership of the land could be determined. Appellants further prayed that upon a final hearing record title to the said land be vested in them and alternatively for specific performance of the contract for its sale to them.

Appellee answered in the trial court upon the merits but first by a special exception asserting that the District Court was without jurisdiction to enjoin appellee from pursuing and prosecuting his action for forcible detainer of the said land in the County Court.

The trial court sustained appellee's said special exception, held it was without jurisdiction to enjoin appellee from prosecuting in forcible detainer proceedings in the County Court for which reason it denied the temporary injunction sought by appellants from which order they appealed.

Upon perfecting their appeal to this Court, appellants sought and obtained from this Court on July 1, 1948, upon a proper showing made and for the purpose of protecting its jurisdiction, an order restraining appellee from prosecuting the forcible detainer proceedings in the County Court of Dallam County and from interfering with the possession and use of the said land by appellants pending this appeal and subject to the further orders of this Court. Such order has since been in full force and effect.

Appellants predicate their appeal upon three points contending that the trial court erred in sustaining appellee's said special exception for want of jurisdiction when it in fact did have jurisdiction and authority to grant the injunctive relief prayed for and that it was its duty to grant such relief for the reasons stated in their verified pleadings. If the facts alleged in appellants' petition are true, and as against a special exception they must be taken as true, appellants are in lawful possession of the premises occupied by them.

The right of possession of the land and premises in the existing controversy between appellants and appellee depended wholly upon title and ownership of the same. All parties based their claims of right to possession upon ownership of the land. Certainly the issue of title and ownership of the land could not be determined in a forcible detainer action pending in either the Justice or County Court. It has been uniformly held in this State that the District Court does not only have jurisdiction and authority but it also has the duty of granting a temporary injunction where it is made to appear that there is substantial controversy between the parties and one party is committing or threatening immediate commission of any act which will destroy the status quo of the property involved before a full hearing can be had on the merits of the case. The status quo referred to which should be preserved by a temporary injunction in the pending suits refers to the last actual, peaceable, noncontested status of the parties to the controversy which preceded the pending suit and which should be preserved until a hearing can be had on the merits and a final decree can be entered. Gillian v. Day, Tex.Civ.App., 181 S.W.2d 327, injunction dismissed as a moot question after issues on merits determined, 143 Tex. 56, 182 S.W.2d 687; Houston Funeral Home v. Boe, Tex.Civ.App., 78 S.W.2d 1091; Dallas Joint Stock Land Bank of Dallas v. Davis, Tex.Civ.App., 73 S.W.2d 989; City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W. 2d 272; Vogelsang v. Gray, Tex.Civ.App., 224 S.W. 535; Gibbons v. Ross, Tex.Civ. App., 167 S.W. 17; Texas Land Company v. Turman, 53 Tex. 619. Some of the above authorities and others hold that the rights of the parties are not concluded by granting a temporary injunction but they remain undisturbed for determination at a hearing for that purpose. The effect of the temporary injunction is merely to preserve status quo pending such a final hearing.

Appellants' pleadings state a cause of action, allege injuries and interference with their possession of the premises by appellee and threats of further interference and injury, which fully warrant the injunctive relief prayed for. Under the authorities cited it is our opinion that it was the duty of the trial court to overrule appellee's said special exception and to grant the injunctive relief prayed for by appellants, pending a determination of the question of title and ownership of the land in question. In support of our position we cite the following additional authorities: Southern Pine Lumber Co. v. Smith, Tex. Civ.App., 183 S.W.2d 471; White v. Sparks, Tex.Civ.App., 118 S.W.2d 649; City Nat. Bank of Dallas v. Folsom, Tex. Civ.App., 247 S.W. 591; Chancey v. Allison, 48 Tex.Civ.App. 441, 107 S.W. 605. For the reasons given the judgment of the trial court sustaining the said special exception for want of jurisdiction and denying the injunctive relief prayed for by

678

appellants is reversed and the cause is remanded with instructions to the trial court to overrule the said special exception and to grant the injunctive relief prayed for by appellants in accordance with the law expressed in this opinion and that governing the granting of such relief pending the trial of the case on its merits.