Ashby Minor JAMES et al., Appellants,

v.

Naoma Fleming HITCHCOCK et vir, Appellees.

No. 13108.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 17, 1956.

Rehearing Denied Nov. 7, 1956.

Ward & Brown, Corpus Christi, Ellis Clark, Rockport, for appellants.

Joe Caldwell, Rockport, for appellees.

W. O. MURRAY, Chief Justice.

This controversy grows out of a trespass to try title suit filed by appellees on December 18, 1955, in Aransas County District Court, for title to land described as Outlots numbered 156, 157, 158 and 159 of the old townsite of Lamar in Aransas County, Texas, containing 32.24 acres of land.

Appellants filed a cross action in the form of a trespass to try title to the same land and asked for a temporary injunction restraining appellees from interfering with their possession of the land. A hearing was had on this application and the temporary injunction was denied on January 21, 1956. Thereafter appellees applied for a temporary injunction restraining appellants from interfering with their possession of the land, and after another hearing this temporary injunction was granted on June 5, 1956, and appellants have prosecuted this appeal.

The trial court made and filed the following findings of fact:

"I. That Neville Fleming, the former husband of Naoma Fleming

Hitchcock, acquired title to Outlots 156, 157, 158 and 159 of the original Townsite of Lamar, Aransas County, Texas, by deed from J. Meridith Tatton and Virginia Halinan Tatton, dated February 19, 1947, at which time said property was enclosed by a good fence with concrete survey markers or monuments, each with a lead seal describing the property and bearing the date of 1946, embedded at the four corners thereof. And that Naoma Fleming Hitchcock inherited the said property by Will, upon the death of Neville Fleming.

"II. That on or about September 1, 1955, Naoma Fleming Hitchcock, and husband, Carl Hitchcock, leased said property to Stanley Bissett, of Aransas County, Texas, for a term of years, at which time the above mentioned concrete survey markers or monuments were in place on the corners of said property and the fence surrounding the same, though down in several places, was largely intact except for the Northeast portion of said fence which ran across and into salt water.

"III. That when, shortly after September 1, 1955, Stanley Bissett began to repair the fence around said property, the Defendant, Ashby M. James, asserted a claim to the property.

"IV. That Plaintiffs have paid the taxes on said property since 1947 and had never heard of any adverse claim to said property until September, 1955.

"V. That on December 17, 1955, Naoma Fleming Hitchcock and husband, Carl Hitchcock, filed a trespass to try title suit in the District Court of Aransas County, Texas, the same being No. 3193 on the docket, against Ashby M. James et al. for the property involved in this lawsuit, and filed a notice of lis pendens against the same.

"VI. That on January 10, 1956, Ashby M. James et al. filed a cross action in trespass to try title praying for title and possession of the property in question and naming Naoma Fleming Hitchcock and husband Carl Hitchcock, and Stanley Bissett as cross defendants, and further praying that cross defendants be temporarily restrained and enjoined from interfering in any manner with cross plaintiffs in their use and enjoyment of said land.

"VII. That on January 21, 1956, after notice to all parties, a hearing was had before this Court on the application of Ashby M. James et al. for a temporary injunction against Naoma Fleming Hitchcock, Carl Hitchcock and Stanley Bissett, at which time this Court determined that Naoma Fleming Hitchcock, Carl Hitchcock, and Stanley Bissett were in possession of the lands in question, and, after refusing to grant the temporary injunction, as prayed for by Ashby M. James et al., verbally directed, in open court, that such status quo be maintained pending a final hearing upon the merits of the case.

"VIII. That on April 27, 1956, at a time when such property was completely enclosed by a good fence and was being used by Stanley Bissett to pasture his cattle, Ashby M. James, his servants and employees, proceeded to completely demolish and destroy all of the fence around the North and West portions of said property and to remove the same by bulldozer or other heavy machinery several hundred yards into his own ranch, and further to destroy and remove three of the above mentioned concrete survey markers or monuments that had been placed on the said property in 1946.

"IX. That on May 14, 1956, Naoma Fleming Hitchcock, Carl Hitchcock and Stanley Bissett, assisted by two laborers, completely rebuilt and replaced the North and West portions

of the fence around said property which had been destroyed by Ashby M. James as aforesaid and replaced the livestock of Mr. Bissett thereon.

"X. That on May 18, 1956, two men by the name of Ruston, at the direction and in the presence of Ashby M. James, cut or otherwise removed the wires and staples from a gate in the South line of the fence enclosing said property, which was padlocked at the time, and proceeded to move on said property with a trailer house and to permit the cattle of a tenant of Ashby M. James to overrun the property.

"XI. That, the said Ashby M. James, his agents, servants or employees then proceeded to plow a considerable portion of the property and to destroy the turf thereon."

■ We have read the entire statement of facts and find that these findings of fact are supported by the evidence.

■ Appellants first contend that the judgment is void for want of a definite description of the land. A map purporting to be a plat of the old Lamar townsite was offered in evidence. The record, as reflected by the statement of facts, is not entirely clear as to the trial court's ruling upon this offer. It also seems that at times said map (when offered for a certain purpose) was referred to as Plaintiff's Exhibit No. 4, and at other times as Plaintiff's Exhibit No. 5, or simply as the "old townsite map" or the "map admitted in evidence." The plat shows the Lamar townsite to be located upon a peninsula surrounded on three sides by St. Charles, Aransas aud Copano Bays. Outlots 158 and 159 front on St. Charles Bay, while Outlots 156 and 157 lie adjacent to but inland behind Outlots 156 and 157. Mrs. Hitchcock, the appellee, testified that the map showed the location of the Outlots (Nos. 156, 157, 158 and 159), and another witness likewise testified that the map rep-

resented the location of said outlots on the ground. It appears beyond peradventure that the parties are actually disputing the possession of and title to a definite tract of land and the only question is the sufficiency of the description in the judgment to identify this tract for injunctive purposes. From the statement of facts, the trial court's findings and the judgment itself, we conclude that the old townsite map was admitted in evidence and that the description in the judgment was sufficient to support the temporary injunction.

■ Appellants next contend that the appellees have an adequate remedy at law in that they could sequester the property. Under the facts here the trial court did not abuse his discretion in issuing the temporary injunction and stopping appellants from tearing down fences and otherwise using force to take possession of the land. Shelton v. Palmer Grover Methodist Church, Tex.Civ.App., 279 S.W.2d 917; City of Wichita Falls v. Bruner, Tex.Civ. App., 191 S.W.2d 912; Gillian v. Day, Tex. Civ.App., 181 S.W.2d 327; Pearce v. Atlantic Life Ins. Co., Tex.Civ.App., 36 S.W. 2d 553.

■ Appellants next contend that the effect of the injunction was to destroy the status quo ante. We do not agree. The effect of the injunction was to restore the possession and status quo to appellees after appellants had forcibly, and contrary to the orders of the court, entered upon the land and begun to destroy the turf thereon.

■ There is no want of necessary parties here. Appellants' tenant, R. A. Johnson, acquired whatever rights he may have had after this suit was filed and after appellants had been denied a temporary injunction on the first hearing. He was therefore not a necessary party to this proceeding.

The trial court did not abuse his discretion in granting the temporary injunction and accordingly the judgment will be affirmed.