**Adolfo GARCIA et al., Appellants,**

v.

**Fidela Garcia GALINDO et al., Appellees.**

**No. 13666.**

Court of Civil Appeals of Texas.

San Antonio.

May 11, 1960.

Rehearing Denied June 15, 1960.

Perkins, Floyd & Davis, Alice, for appellants.

Lloyd, Lloyd & Dean, Alice, for appellees.

MURRAY, Chief Justice.

This is an appeal from an order of the District Court of Jim Hogg County refusing to grant Adolfo Garcia and Arnoldo Garcia a temporary injunction, restraining Francisco Villarreal from removing the fence dividing Shares 6 and 7, lying adjacent to each other and each containing 291.-15 acres of land out of the Las Animas Grant, in Jim Hogg County, Texas, and further restraining him from trespassing upon Share No. 7, and mandatorily ordering said Francisco Villarreal to replace the parts of the fence that he had destroyed.

The trial court found that prior to May, 1959, Francisco Villarreal was in possession of Shares 6 and 7, and at that time the Garcias "drove out the cattle of plaintiffs from Share 7 and erected the fence separating Share 7 from Share 6." This finding is supported by the evidence.

The main suit filed in Jim Hogg County is for the purpose of determining who is the true owner of Share 7, but until that suit is decided, it is the duty of the trial court, by the use of a temporary injunction, to maintain and preserve the last, actual, peaceable, non-contested status which preceded the pending controversy. Morgan v. Smart. Tex.Civ.App., 88 S.W. 2d 769.

This Court recently, on October 21, 1959, decided the case of Garcia et al. v. Galindo et al., 329 S.W.2d 95, which concerned a temporary injunction growing out of this same main cause. In that case the trial court granted a temporary injunction compelling the Garcias to permit Francisco Villarreal to use a roadway traversing Share 7, during the pendency of this suit.

After the case was decided, the Garcias filed the present application for a temporary injunction, in effect, to restrain Villarreal from permitting his cattle to run upon Share 7, which application was refused by the trial court. The trial court did not abuse its discretion in refusing to issue this injunction.

Appellants contend that Villarreal having instituted the first application for a temporary injunction seeking only the right to use a roadway across Share 7, should not

now be heard to assert the right to the full use of Share 7. There is nothing inconsistent in claiming the right to use a roadway across Share 7, and later to claim the right to have his cattle run on Share 7. Villarreal was asserting both of these rights prior to the time the Garcias entered upon Share 7 and built the partition fence between Shares 6 and 7. If the status quo ante is to be maintained, he should be permitted to continue to use the roadway and to run his cattle on Share 7, pending the trial of the main suit.

It will be kept in mind that this second application was filed by the Garcias, and all that Villarreal has done is to answer that application.

The order of the trial court refusing to grant appellants' application for a temporary injunction is affirmed.