James C. CROW, Appellant,

v.

Eugene D. BATCHELOR et ux., Appellees.

No. 7960.

Court of Civil Appeals of Texas, Texarkana.

May 12, 1970.

B. A. Britt, Jr., Harkness, Friedman & Kusin, Texarkana, for appellant.

Guy Jones, Texarkana, for appellees.

DAVIS, Justice.

A trespass to try title suit to a lot or parcel of land. Plaintiffs-Appellees, Eugene D. Batchelor and wife, Opal Batchelor, sued Defendant-Appellant, James C. Crow, for title to a certain tract of land they acquired by Warranty Deed on September 8, 1951, and had continuously used the same until May 4, 1969, and at a time when appellees were not at home, appellant forcibly and fraudulently built a fence across the property in about 8 feet of the house. Appellees sought a mandatory temporary injunction to require appellant to remove the fence because it cut appellees off from the use of their yard, clothes line, swings and fruit trees.

A hearing was had on the mandatory temporary injunction and the trial court granted the same. Appellant has perfected his appeal and brings forward one point of error.

By his point, appellant says the trial court erred in granting the mandatory temporary injunction. He relies most heavily on the case of Story v. Story, et al., 1944, 142 Tex. 212, 176 S.W.2d 925, n. w. h. from which he quotes the following:

"An injunction is not a remedy which can be used for the purpose of recovering title or right of possession of property, and it is not the function of a preliminary injunction to transfer the possession of land of one person to another pending adjudication of title, *except in cases in which the possession of another has been forcibly or fraudulently obtained by the Defendants, and the equities are such as to require that the previous possession thus wrongfully invaded, be restored, and the original status of the property be preserved pending the decision of the issue of title.*" Emphasis added.

When appellant built the fence, while appellees were away from home, he actually changed the status quo of the situation as it actually existed before appellees were forced to bring the lawsuit in trespass to try title in which they sought a mandatory temporary restraining order. This action was necessary to retain the status quo of the use for the yard that had been used by appellees for about 18 years. 31 T.J.2d, pp. 92–98: Secs. 38–40. Whether or not appellees had another adequate remedy at law, in 31 T.J.2d 105, in the last paragraph of Sec. 44, p. 109, we find the following:

"Notwithstanding these rules the issuance of a temporary injunction to preserve the status quo pending a hearing is a matter of trial court discretion. And where the plaintiff has failed to show that he is entitled to injunctive relief, the question as to whether there exists an adequate remedy at law is, of course immaterial."

Appellees have filed a most excellent brief in which they cite many authorities which are direct in point. They are: Southern Pine Lumber Co. v. Smith, et al., Tex.Civ.App., 1944, 183 S.W.2d 471, ref. w. m.; Garcia, et al., vs. Galindo, et al., Tex.Civ.App., 1960, 336 S.W.2d 459, n. w. h.; Pendleton et al., v. Crabtree, Tex.Civ.App., 1948, 214 S.W.2d 675, n. w. h.; Dickard v. Crawley, et ux, Tex.Civ.App., 1950, 230 S.W.2d 833, n. w. h.; Owens, ex ux, v. Texaco, Inc., et al., Tex.Civ.App., 1963, 368 S.W.2d 780, n. w. h.; Houston Funeral Home et al., v. Boe, et al., Tex.Civ.App., 1934, 78 S.W.2d 1091, n. w. h.; Taylor v. Gulf Oil Corporation, Tex.Civ.App., 1957, 303 S.W.2d 541, n. w. h.; James et al., v. Hitchcock, et vir, Tex.Civ.App., 1956, 294 S.W.2d 859, n. w. h.

■ Appellees contend that they do not have any other remedy at law. Under the statement of facts, it is shown that appellees have been using the tract of land involved for about 18 years. That the appellant, after the dispute arose as to who owned the property, at a time when appellees were away from home, forcibly and fraudulently built the fence which actually destroyed the status quo. Appellees contend that a mandatory temporary injunction is the only remedy they have to maintain the status quo of the land until the issues can be finally decided. Appellant contends that they can take an action in Forcible Detainer. That theory does not deserve a discussion. Forcible Detainer suits do not determine the ownership or title to land. Gillian, et ux v. Day, Tex.Civ.App., 1943, 181 S.W.2d 327, injunction dismissed as a moot question after issues on merits determined, 1944, 143 Tex. 56, 182 S.W.2d 687; Pendleton, et al v. Crabtree, supra.

■ The only way a temporary injunction can be set aside is to show that the trial court clearly abused his discretion. This the appellant did not do.

The point is overruled.

The Judgment is affirmed.