Corn v. Estate of L Thomas 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-238-CV

Â Â Â Â Â VERNELLE CORN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â ESTATE OF LILLIAN THOMAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 92-06-14,210-CV
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Vernelle Corn appeals the granting of a temporary injunction in favor of the estate of Lillian
Thomas. Corn is the fee owner of real property located in Robertson County. James Howard,
who filed this action as one of the heirs of the Thomas estate, inherited from Lillian Thomas
approximately fifty acres adjacent to Corn's land. The only access to Howard's property is by
way of a "pasture road" across Corn's property. He must pass over Corn's property to reach his
own property because his land has no frontage on Highway 79. Howard sought a permanent
injunction prohibiting Corn from obstructing this road, which runs from Highway 79 across
Corn's property to the boundary of the adjoining property owned by Howard. Howard contends
that he has the right to use the pasture road under a claim of adverse possession and that because
of his adverse use he is entitled to a prescriptive easement. 
Â Â Â Â Â Â Howard obtained a temporary restraining order and, following a hearing, the trial court
granted the temporary injunction, ordering that Corn not obstruct Howard's right to travel and use
the road. Â 
Â Â Â Â Â Â Corn asserts on appeal that the court abused its discretion in granting a temporary injunction
because (1) Howard failed to plead and prove a probable right to a prescriptive easement and the
court failed to make the necessary fact findings to support Howard's claim; (2) Howard failed to
establish the lack of an legal remedy and the court made no findings to support the lack of an
adequate legal remedy; and (3) the temporary injunction is void because the trial court failed to
include an order setting the cause for trial on the merits. 
Â Â Â Â Â Â Howard alleged in a first amended petition filed July 16, 1992, that his uninterrupted use of
the road in question had ripened into a prescriptive easement because he and his predecessors in
title had used the road openly, notoriously, continuously, and under claims of right both hostile
and adverse to Corn for more than fifty years. Howard asserted that Corn's denying access to his
property has prevented his use of the property for the agricultural purposes to which it had been
put, such as raising cattle and producing hay. The petition alleged that, because of the continuing
nature of the injury to Howard, and because an action for damages would not afford complete
relief, Howard had no adequate remedy at law. 
Â Â Â Â Â Â The elements of a prescriptive easement in Texas are that the use of the property in question
must have been open, notorious, continuous, exclusive, and adverse for at least ten years. Texas
W. Ry. Co. v. Wilson, 83 Tex. 153, 18 S.W. 325-26 (1892). Corn contends that Howard's failure
to plead exclusive use of the road amounts to a failure to establish a probable right to a
prescriptive easement. Corn did not specially except to Howard's pleading and did not object at
trial until evidence of Howard's exclusive use had been admitted. Howard testified, when asked
whether anyone else used the road, that he had no agreement with Corn to use the road, that the
road only led to his property, that the road afforded the only means of access to his property, and
that no one else could use the road to gain access to their property. Moreover, he testified that
he did not share the road with anyone, including Corn, and that he understood she gained access
to her property, which borders Highway 79, by means of a separate driveway.
Â Â Â Â Â Â Corn next asserts that Howard failed to establish a probable right to a prescriptive easement
because his use was permissive as opposed to exclusive and adverseâthat is, that Corn and
Howard both used the road, which renders Howard's use permissive as a matter of law. The
record contains some evidence that Corn uses the road; however, Corn testified that she had not
given Howard permission to use the pasture road. The record also contains some evidence that
the use relied upon by Howard to ripen the easement occurred prior to Corn's ownership of the
servient tract in 1964. Â 
Â Â Â Â Â Â We hold that the trial court did not abuse its discretion in acting to maintain the status quo. 
Howard proved a probable right to a prescriptive easement, and the court cited its reasons for
granting him the relief requested. See Tex. R. Civ. P. 683; Transportation Company of Texas
v. Robertson Transports, 152 Tex. 551, 261 S.W. 549, 552-53 (1953). Point one is overruled.
Â Â Â Â Â Â Corn contends in point two that the court abused its discretion in granting the temporary
injunction because Howard failed to establish the lack of an adequate legal remedy and the court
made no findings to support the lack of an adequate legal remedy. In appeals from interlocutory
orders, the trial judge is not required to file findings of fact and conclusions of law. Tex. R. App.
P. 42(a)(1). However, as was done in this case, it is advisable for the court to state the reasons
why the court believes the applicant's probable right will be endangered if the writ does not issue. 
See Tex. R. Civ. P. 683; Transportation Company of Texas, 261 S.W.2d at 552-53. 
Â Â Â Â Â Â The court found in separately filed findings that a road existed that had been used by Howard
to reach his property. The court noted that the nature and extent of the use of the property in
question was a contested issue which would have to be decided by the trier of fact upon final
hearing. In the order for the issuance of the temporary injunction, the court found that Howard
was entitled to a temporary injunction because Corn "will deny [him] access to his property and
obstruct the easement in dispute unless enjoined and [Corn's] actions will alter the status quo. 
Further, unless [Corn] is enjoined from her actions, [Howard] will be without any adequate
remedy at law in that [his] damage to cattle and hay production will be of an on-going nature and
any action for damages would not afford complete relief." 
Â Â Â Â Â Â Our review indicates that the court did not err in light of the evidence that the dominant tract
was put to agricultural use, that the pasture road is the only means of access to the dominant tract,
and that its obstruction would shut down the cattle and hay operations. The court found that
Howard could not be adequately compensated in the event of the cessation of business. More
importantly, by granting the temporary injunction, the trial court fulfilled its duty of acting to
maintain the status quo upon Howard's proof of a probable right to the easement and a probable
injury if denied access to his property. See Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex.
1968); Garcia v. Galinda, 336 S.W.2d 459, 460 (Tex. Civ. App.âSan Antonio 1960, writ
dism'd by agr.). Point two is overruled.
Â Â Â Â Â Â Corn argues in point three that the court abused its discretion in granting the temporary
injunction without including an order setting the cause for trial, thus rendering the temporary
injunction void. The order issuing the temporary injunction correctly held matters in abeyance
until further order of the court. The order did not purport to be merely a temporary restraining
order. See Childers v. Pettengill, 696 S.W.2d 206, 207 (Tex. AppâDallas 1985, no writ). In
addition, Howard asserts in his brief that the matter was set for trial subsequently to the issuance
of the order. Corn has not disagreed with this assertion. Point three is overruled.
Â Â Â Â Â Â We affirm the order issuing the temporary injunction to maintain the status quo pending trial
on the merits.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish



otnoteText style='text-align:justify'>[2]   Texas courts have implicitly applied
this principle in protective order cases but, with the exception of Pena,
only in unpublished memorandum opinions.Â  See e.g. Siegert v. Flannery,
No. 04-03-00487-CV, 2004 Tex. App. LEXIS 6989, **2-6 (Tex. App.ÂSan Antonio Aug. 4, 2004, no pet.) (mem. op.); Colvin v. Colvin, No. 03-03-00234-CV,
2004 Tex. App. LEXIS 3534, **18-21 (Tex. App.ÂAustin Apr. 22, 2004, no pet.)
(mem. op.).Â