W. Paul Dubose et ux v. Leon County Appraisal District eta l















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-078-CV

     W. PAUL DUBOSE
     AND GLENNA DUBOSE,
                                                                              Appellants
     v.

     LEON CENTRAL APPRAISAL DISTRICT
     AND APPRAISAL REVIEW BOARD 
     FOR LEON COUNTY,
                                                                              Appellees
 

From the 87th District Court
Leon County, Texas
Trial Court # 0-00-342
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Paul and Glenna Dubose filed an administrative protest of the Leon County Appraisal
District’s refusal to designate their land for agricultural use. After an adverse adminstrative
determination by the Appraisal Review Board, they filed suit. The court granted the Appraisal
District’s and the Review Board’s joint motion for summary judgment. The Duboses appealed.
      The clerk’s record was filed in this Court on April 25, 2002. The court reporter notified us
by letter dated June 23 that the Duboses had never requested preparation of the reporter’s record. 
We notified them by letter dated June 27 that the appeal would be submitted on the clerk’s record
alone if they did not make the necessary arrangements for the filing of the reporter’s record. After
they failed to respond, we notified them by letter dated July 17 that the appeal would be submitted
on the clerk’s record alone and their brief was due in thirty days. To date, no appellant’s brief
has been filed. See Tex. R. App. P. 38.6(a).
      Appellate Rule 38.8(a)(1) provides that if an appellant fails to timely file his brief, the Court
may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellant’s failure to timely file
a brief.

Id. 38.8(a)(1).
      More than thirty days have passed since the Duboses’ brief was due. We notified them of this
defect by letter dated August 27, 2002. Id. 42.3, 44.3. They have not responded to our letter. 
Id. 42.3, 38.8(a)(1). Therefore, this appeal is dismissed for want of prosecution. Id. 38.8(a)(1).
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed September 25, 2002
Do not publish
[CV06]


      We hold that the trial court did not abuse its discretion in acting to maintain the status quo. 
Howard proved a probable right to a prescriptive easement, and the court cited its reasons for
granting him the relief requested. See Tex. R. Civ. P. 683; Transportation Company of Texas
v. Robertson Transports, 152 Tex. 551, 261 S.W. 549, 552-53 (1953). Point one is overruled.
      Corn contends in point two that the court abused its discretion in granting the temporary
injunction because Howard failed to establish the lack of an adequate legal remedy and the court
made no findings to support the lack of an adequate legal remedy. In appeals from interlocutory
orders, the trial judge is not required to file findings of fact and conclusions of law. Tex. R. App.
P. 42(a)(1). However, as was done in this case, it is advisable for the court to state the reasons
why the court believes the applicant's probable right will be endangered if the writ does not issue. 
See Tex. R. Civ. P. 683; Transportation Company of Texas, 261 S.W.2d at 552-53. 
      The court found in separately filed findings that a road existed that had been used by Howard
to reach his property. The court noted that the nature and extent of the use of the property in
question was a contested issue which would have to be decided by the trier of fact upon final
hearing. In the order for the issuance of the temporary injunction, the court found that Howard
was entitled to a temporary injunction because Corn "will deny [him] access to his property and
obstruct the easement in dispute unless enjoined and [Corn's] actions will alter the status quo. 
Further, unless [Corn] is enjoined from her actions, [Howard] will be without any adequate
remedy at law in that [his] damage to cattle and hay production will be of an on-going nature and
any action for damages would not afford complete relief." 
      Our review indicates that the court did not err in light of the evidence that the dominant tract
was put to agricultural use, that the pasture road is the only means of access to the dominant tract,
and that its obstruction would shut down the cattle and hay operations. The court found that
Howard could not be adequately compensated in the event of the cessation of business. More
importantly, by granting the temporary injunction, the trial court fulfilled its duty of acting to
maintain the status quo upon Howard's proof of a probable right to the easement and a probable
injury if denied access to his property. See Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex.
1968); Garcia v. Galinda, 336 S.W.2d 459, 460 (Tex. Civ. App.—San Antonio 1960, writ
dism'd by agr.). Point two is overruled.
      Corn argues in point three that the court abused its discretion in granting the temporary
injunction without including an order setting the cause for trial, thus rendering the temporary
injunction void. The order issuing the temporary injunction correctly held matters in abeyance
until further order of the court. The order did not purport to be merely a temporary restraining
order. See Childers v. Pettengill, 696 S.W.2d 206, 207 (Tex. App—Dallas 1985, no writ). In
addition, Howard asserts in his brief that the matter was set for trial subsequently to the issuance
of the order. Corn has not disagreed with this assertion. Point three is overruled.
      We affirm the order issuing the temporary injunction to maintain the status quo pending trial
on the merits.
 
                                                                                     BOB L. THOMAS
                                                                                     Chief Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish